ALMIRA M. BACON
v.
ADOLPH SAUR.

*Landlord and Tenant—Lease—Election to Renew—Failure to Act.*

In an action brought upon an alleged promise of defendant to pay plaintiff a named sum for putting in crops, hauling and plowing, if plaintiff would surrender possession of and leave a certain farm, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Ogle County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. FRANC BACON, for appellant.

Mr. E. F. DUTCHER, for appellee.

MR. JUSTICE HARKER. The controversy in this case is purely one of fact. It arose upon the alleged promise of

Bacon v. Saur.

appellant to pay appellee the sum of $125 for putting in a crop of rye, plowing and hauling done upon the farm of appellant, if appellee would surrender possession of and leave the farm.

Appellee was in possession of the farm in question under a written lease, beginning on the first of March, 1890, and terminating on the first of March, 1891, with an option to appellee of renewing for an additional period of four years. It was provided by the lease that appellee should make known his election to renew and have the same indorsed in writing upon the back of the lease on or before the first of January, 1891. Intending to renew the lease, appellee in the autumn of 1890, plowed some forty-seven acres of land, put out fourteen acres in rye, and hauled five hundred loads of manure, but neglected to have indorsed on the lease his election to renew within the time limited.

Appellant insisted the appellee had forfeited his right to renew and began legal proceedings for the purpose of having an accounting, a sale of produce and stock raised on the farm, and for possession. Appellee claims that at this juncture appellant agreed that if he would surrender possession of the place without further trouble and litigation, she would pay him the sum of $125 for the work he had done in the fall before.

There was a sharp conflict in the testimony, appellee affirming and appellant denying such agreement. The case was tried by the court without a jury. Under the testimony as we see it in the record, a finding for either party could well stand. The court found for appellee and rendered judgment against appellant for $125. His opportunities for judging the credit to be given to the witnesses were superior to ours. The judgment will be affirmed.

*Judgment affirmed.*

Justice Cartwright, having tried this case in the Circuit Court, took no part in its decision here.